IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WAYNE LINDSEY, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO. 7:00-CR-12 HL |
| v. | : | 28 U.S.C. § 2255 |
| | : | CASE NO. 7:08-CV-90031 HL |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Petitioner, Wayne Lindsey's, petition under 28 U.S.C. § 2255 on remand from the Eleventh Circuit for consideration of one issue. *See Lindsey v. United States*, No. 10-14721, slip op. (11th Cir. Jan. 6, 2012). Finding no error, it is recommended that the 28 U.S.C. § 2255 petition be denied.

## BACKGROUND

A seventy-two count indictment returned in this court on May 16, 2000, charged Petitioner Wayne Lindsey and other defendants with offenses related to the operation of a "Ponzi scheme to sell promissory notes with no source of income other than the investors' funds." *United States v. Cawthon*, No. 02-12360, slip op. at 2 (11th Cir. Aug. 6, 2003) (per curiam). Specifically, Petitioner Wayne Lindsey was charged in Count One with Conspiracy to Defraud, Counts Two through Ten and Counts Thirty-six through Forty with Mail Fraud, Counts Eleven through Twenty-three and Counts Forty-one through Forty-seven with Wire Fraud, Counts Twenty-four through Thirty-five and Counts Forty-eight through Fifty-one with Securities Fraud, and Count Fifty-two with

Conspiracy to Launder the Proceeds of an Unlawful Activity.  (Mem. Br. in Supp. of § 2255 Mot. 2-3, ECF No. 460.)  Petitioner Lindsey was arraigned on May 31, 2000, and pled not guilty.  (ECF No. 8.)  Petitioner, along with his co-defendants, was tried from January 22, 2002 to January 31, 2002, and found guilty on all counts charged.  (ECF No. 215.)  On April 19, 2002, Petitioner was sentenced to a total term of imprisonment of 210 months, to be followed by three years of supervised release, and was ordered to pay restitution in the amount of $2,157,776.06.  (ECF No. 255).

Petitioner Wayne Lindsey timely appealed his convictions, which were affirmed by the United States Court of Appeals for the Eleventh Circuit on August 6, 2003, except for remand for re-sentencing as to Count Fifty-two.  (ECF Nos. 317, 340.)  Petitioner was re-sentenced on Count Fifty-two ultimately to the same total term of imprisonment of 210 months, three years of supervised release, and restitution in the amount of $2,157,776.06.  (ECF No. 340.)  Petitioner appealed his re-sentencing, with the Circuit Court affirming the same on October 13, 2006.  (ECF No. 391.)  Thereafter, on October 17, 2008, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  (ECF Nos. 459, 460.)

On August 11, 2010, this Court ordered that Petitioner's § 2255 petition be denied.  (ECF No. 594.)  On October 12, 2010, Petitioner Lindsey filed a notice of appeal.  (ECF No. 619.)  On May 31, 2011 a Certificate of Appealability was granted by the Eleventh Circuit as to the issue of whether Petitioner's appellate counsel provided ineffective assistance by failing to argue that *United States v. Booker*, 543 U.S. 220 (2005) should

apply retroactively. (ECF No. 683.) Thereafter, on January 9, 2012, the Eleventh Circuit remanded Petitioner's § 2255 petition for the district court to consider that issue. (ECF No. 709.)

## DISCUSSION

### I. Ineffective Assistance of Appellate Counsel

In the sole issue under review, "Issue 2(C)," Petitioner claims that he received ineffective assistance of appellate counsel because his counsel failed to argue on direct appeal that *Booker* should apply retroactively and that the departures and enhancements to increase Petitioner's sentence above the base level violated the Fifth, Sixth, and Eighth Amendments. *See Lindsey v. United States*, No. 10-14721, slip op. at 2 (11th Cir. Jan.6, 2012).

To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). However, "[a] court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter,* -- U.S. --, 131 S.Ct. 770, 787 (2011) (quoting *Strickland,* 466 U.S. at 688 (1984)).

To establish deficient performance, a defendant must prove that his counsel's performance was unreasonable under prevailing professional norms and that the

challenged action was not sound strategy. There is a strong presumption that the challenged action constituted sound trial strategy. *Chateloin v. Singletary*, 89 F.3d 749, 752 (11th Cir. 1996). In order to show that counsel's performance was unreasonable, a petitioner must show that no competent counsel would have taken the action in question. *Van Poyck v. Fla Dep't of Corr.*, 290 F.3d 1318 (11th Cir. 2002). To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the proceedings would have been different. *Mills v. Singletary*, 63 F.3d 999, 1020 (11th Cir. 1995); and *Meeks v. Moore*, 216 F.3d 951, 960 (11th Cir. 2000). If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the performance prong of the *Strickland* test. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

The Eleventh Circuit Court of Appeals has held that the *Strickland* standard also applies to ineffective assistance of appellate counsel claims. *Heath v. Jones,* 941 F.2d 1126, 1130 (11th Cir. 1991). To prevail on such claims, a petitioner must show that his appellate counsel's performance was deficient and that this performance prejudiced the defense. *Id.* Furthermore, "the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue." *Philmore v. McNeil*, 575 F.3d 1251, 1265 (11th Cir. 2009) (citing *Heath*, 941 F.2d at 1130-31).

In his original § 2255 brief, Petitioner contends that his appellate counsel failed to "raise or argue a Fifth Amendment *Booker* claim." (Br. 25, ECF No. 473.) Petitioner

4

argues that

> the procedural application of departures and enhancements which raises a defendant's sentence above the base level offense violates the Fifth (due Process) and Sixth Amendments . . . The enhanced penalties causing a sentence to be imposed above the base level offense creates a violation of the Eighth Amendment as an excessive punishment.

(*Id.*)  A review of the record indicates, however, that the *Booker*[1] issue was raised by Petitioner and his co-defendants on appeal where it was determined by the Eleventh Circuit that Petitioner's counsel's failure to raise the claim was harmless error.  *See United States v. Lindsey*, 200 F. App'x 902 (11th Cir. 2002).

Under the law of the case rule, the district court is not required to reconsider claims of error that were raised and disposed of on direct appeal.  *United States v. Rowan,* 633 F. 2d 1034, 1035 (11th Cir. 1981).  "Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under § 2255." *United States v. Natelli,* 553 F.2d 5, 7 (2d Cir. 1977).  A rejected claim does not merit rehearing on a mere *re-characterization* of the prior claim, or on a different, but previously available, legal theory.  *Cook v. Lockhart,* 878 F. 2d 220, 222 (8th Cir. 1989); *see also United States v. Nyhuis*, 211 F.3d 1340 (11th Cir. 2000).

Furthermore, the record reflects that this very issue was also raised by one of

---

[1] The decision in *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Booker*, the Court held that the Sixth Amendment principles announced in *Apprendi* apply to the U.S. Sentencing Guidelines which were now to be merely advisory. *United States v. Booker*, 543 U.S. 220 (2005).

Petitioner's co-defendants, Benjamin Lindsey, in his § 2255 petition. (ECF No. 462.) The issue was reviewed by this Court and found to lack merit. (ECF Nos. 561, 588.) The Eleventh Circuit denied a certificate of appealability as to Benjamin Lindsey's § 2255 claims, including his claim that his appellate counsel was ineffective for failing to raise the *Booker* issue. (ECF No. 659.) For the foregoing reasons, therefore, Petitioner's claim must fail.

## II.     'Vulnerable Victim' Claim

Petitioner Lindsey also seeks to add a claim that the "vulnerable victim" enhancement under United States Sentencing Guidelines ("USSG") § 3A1.1 was erroneously applied to his sentence. However, as noted by the Respondent, Petitioner's original attempt to amend his § 2255 petition to add this claim by filing a "Supplement" was denied on July 16, 2010. (ECF No. 586.) Petitioner contends that his general reference to the enhancements he claims were erroneously added to his sentence in his original petition was enough to preserve his 'vulnerable victim' claim. (Pet'r's Reply 2; ECF No. 736.) Petitioner is incorrect. Because the claim is not relevant to the remand in this case, and because the claim was never properly raised in this Court, it will not be addressed.[2]

## III.    Pending Motions

Petitioner has filed a Motion for Order to Show Cause Why Expedited

---

[2] This issue was raised on direct appeal by two of Petitioner's co-defendants after they were resentenced, but the Eleventh Circuit found that the vulnerable victim enhancement was properly applied to the defendants' sentences in this case and affirmed the sentence. (ECF No. 391.)

Consideration for the Petitioner's 2255 Motion Should Not be Granted (ECF No. 737) and a Motion for Expedited Consideration (ECF No. 555), which are both still pending in this Court. Because the Court has now filed its Recommendation in this case, it is recommended that the pending motions be DENIED as moot.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Lindsey's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 due to ineffective assistance of his appellate counsel in failing to raise a *Booker* claim be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 3rd day of October, 2013.

/s/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE